# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2023

Lyle W. Cayce
Clerk

_____

No. 23-60289

_____

Shell Energy North America (U.S.), L.P.,

*Petitioner*,

*versus*

Federal Energy Regulatory Commission,

*Respondent*.

_____

Petition for Review of the Federal Energy Regulatory Commission
Agency Nos. 182 FERC 61,208,
183 FERC 61,225

_____

Before Stewart, Clement, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Shell Energy North America (U.S.), L.P., is a public utility with its principal place of business in Houston, Texas. Shell petitions for review of a 2023 Federal Energy Regulatory Commission refund order that directs the utility to partially repay an electricity purchaser. But this is not the first time Shell has dealt with a FERC refund order. Indeed, it is currently party to a consolidated appeal before the D.C. Circuit based on similar orders. FERC

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

now moves pursuant to 28 U.S.C. § 2112(a)(5) and this Court's inherent power to transfer this case so it can be consolidated with the thirteen other substantively similar matters already before the D.C. Circuit. We GRANT the motion.

Generally, we may transfer a matter when doing so "serve[s] the purposes of judicial economy or convenience of the parties." *Tenneco Oil Co. v. EPA*, 592 F.2d 897, 900 (5th Cir. 1979) (per curiam). In reaching such a decision, we may look to, among other things, "the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings." *Buckeye Partners, L.P. v. FERC*, No. 22-60100, 2022 WL 1528311, at *1 (5th Cir. May 13, 2022) (quoting *E. Air Lines, Inc. v. Civ. Aeronautics Bd.*, 354 F.2d 507, 510 (D.C. Cir. 1965)).

Shell concedes that the matter before us and the consolidated D.C. Circuit case are substantially similar. But it raises several other arguments supporting its opposition to FERC's motion.

First, Shell says that, because the 2023 order is distinct from those under review with the D.C. Circuit, § 2112(a)(5) is simply inapplicable. True, § 2112(a)(5) does state "[a]ll courts in which proceedings are instituted with respect to the *same order* . . . shall transfer those proceedings to the court in which the record is so filed. *Id.* (emphasis added). Then, "the court in which the record is filed may thereafter transfer all the proceedings with respect *to that order* to any other court of appeals." *Id.* (emphasis added). But this wrinkle, though accurate, does not limit our power to transfer a case, generally. We, of course, maintain the inherent power to transfer a matter where it would "serve the purposes of judicial economy or convenience of the parties." *Tenneco*, 592 F.2d at 900; *Eastern Air Lines*, 354 F.2d at 510 ("Without regard to the authority provided by 28 U.S.C. § 2112, a court of appeals

No. 23-60289

having venue may exercise an inherent discretionary power to transfer the proceeding to another circuit in the interest of justice and sound judicial administration . . . .").

Shell acknowledges that we may transfer a matter under such circumstances. But Shell asks us to refrain from doing so. It argues that the mere pendency of a substantively similar consolidated case in another circuit does not make the matters so similar that it justifies transfer. Shell further challenges FERC's claim that it would be more convenient for the parties to litigate in the D.C. Circuit, pointing to its domicile in Houston. However, Shell, whether reluctantly or not, jointly moved to consolidate the thirteen other related petitions at the D.C. Circuit. In that joint motion, it claimed that briefing thirteen different matters separately would be inefficient for both the D.C. Circuit and the parties to the litigation. It is unclear what has changed since Shell made these representations to the D.C. Circuit or why this particular petition should be exempt from Shell's earlier logic.[1]

Shell's prior position is not the only consideration at play. Contrary to Shell's current representations, the D.C. Circuit is likely the best forum for this case. Unlike in this petition, briefing in the consolidated matter is already underway, thus avoiding unnecessary redundancy. Additionally, because the D.C. Circuit has been handling the other thirteen substantially similar cases, it has judges familiar with the various procedural histories and the case matter. Finally, and most importantly, transferring this petition to the D.C. Circuit would ensure continuity in the proceedings and that there will not be a circuit split where there need not be one. *See In re Ultra Petroleum Corp.*, 28 F.4th 629, 641 (5th Cir. 2022) ("We are always chary to create a circuit

---

[1] FERC argues this change of heart comes from adverse rulings in the D.C. Circuit. Shell denies this allegation.

split." (citation omitted)). Moreover, Shell hasn't sufficiently distinguished the order at issue, whether factually or legally, from those before the D.C. Circuit. Consequently, judicial economy advises that the case before us and the consolidated matter before the D.C. Circuit are best heard together. Shell fails to point to any caselaw that convinces us otherwise.

On a final note, Shell and FERC are sophisticated, well-advised, large entities capable of litigating nationwide. Indeed, as discussed above, Shell has already made a representation that litigating in the D.C. Circuit would be an efficient means of handling thirteen other similar matters. Therefore, we conclude that litigating in the D.C. Circuit does not hinder either party. Indeed, given that the parties have substantially similar consolidated cases pending in the D.C. Circuit, they would be best served by litigating the 2023 refund order in that forum.

For the reasons above, we GRANT FERC's motion to transfer this petition to the D.C. Circuit.